UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| CHARLES LAWSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 22-4340 (KM) (JBC) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| HUDSON COUNTY BOARD OF FREEHOLDERS, et. al, | : | |
| | : | |
| Defendants. | : | |

     Pro se Plaintiff Charles Lawson, a pre-trial detainee at Hudson County Jail, has filed a civil rights Complaint and seeks to proceed *in forma pauperis* ("IFP"). (DE 1.) For the reasons below, I will deny the IFP application without prejudice and administratively terminate the action pending a response from Plaintiff.

     The Prison Litigation Reform Act of 1995 (the "PLRA"), which amended 28 U.S.C. § 1915, requires a prisoner seeking IFP status to include an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). The PLRA also requires the prisoner to submit a copy of the inmate trust found account statement for the six-month period immediately preceding the complaint's filing, certified by a prison official. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during the six-month period.  *Id.*

     IFP status is a privilege, not a right. *Shahin v. Sec. of Del.*, 532 F. App'x 123 (3d Cir. 2013) (*per curiam*) (citing *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)). "In determining whether a litigant is eligible for IFP status, the Court should consider the financial position of the party." *Id.* (affirming denial of IFP despite monthly income of only $95 from self-employment as plaintiff would not be deprived of "necessities of life").

     Here, Plaintiff fails to include a certified account statement for the six-month period immediately preceding the filing of this action. (DE 1-1 at 3-4.) Instead, Plaintiff has submitted a document entitled "Keefe Commissary Network" that appears to show commissary purchases.

(*Id.* at 4.) Next to the blank certification, Plaintiff wrote the following: "Prison Officials have refused to sign must be implemented by the courts and record release." *Id.* at 3.

While the failure to obtain a certified six-month account statement does not disqualify Plaintiff from IFP status, I require more information before I can determine whether Plaintiff has the ability to pay the $402 filing fee without depriving him of the "necessities of life." *See Saylor v. Allison*, No. 121CV01284, 2021 WL 4078297, at *2 (E.D. Cal. Aug. 27, 2021). Moreover, Plaintiff's allegation that prison officials would not provide him a certified account statement contains insufficient information about his efforts to obtain the certified account statement.

If Plaintiff wishes to reopen this action, he must either pay the $402.00 filing fee <u>or</u> attempt to obtain a certified account statement from the appropriate prison official. Notably, Plaintiff must obtain certified account statements from each prison at which he was incarcerated during the six-month period immediately preceding the filing of this action.[1] If prison officials refuse to provide the certified account statement(s), Plaintiff should submit a sworn statement/letter describing his efforts to obtain the certified account statement(s). Plaintiff's sworn letter/statement must include the name(s) of the prison officials who refused to provide the certified account statement(s) and the date(s) on which he attempted to obtain the statement(s). Plaintiff should submit the certified account statement(s) or sworn letter within 30 days of his receipt of this Memorandum and Order.

IT IS, therefore, on this 26th day of July, 2022,

ORDERED that Plaintiff's IFP application (DE 1-1) is DENIED without prejudice; and it is further

ORDERED the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter without filing the complaint or assessing a fee. Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse,

---

[1] Based on the information provided in his IFP application, Plaintiff must provide an certified account statement from Cumberland County Jail as well.

50 Walnut Street Room 4015, Newark, NJ 07101, within 30 days of his receipt of this Memorandum and Order, addressing the issues noted above; and it is further

ORDERED that the Clerk shall serve copies of this Order, together with a blank prisoner IFP/civil rights form, upon Plaintiff by regular U.S. mail.

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge